**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

BRISTOL-MYERS SQUIBB COMPANY, NOVARTIS CORPORATION and NOVARTIS PHARMA AG,

Plaintiffs,

v.

TEVA PHARMACEUTICALS USA, INC.,

Defendant.

Civil Action No.: 1:09-cv-00919-SLR
Consolidated

REDACTED -- PUBLIC VERSION

**MEMORANDUM IN SUPPORT OF TEVA'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Dated: February 11, 2011

John C. Phillips, Jr. (Bar No. 110)
Megan Haney (Bar No. 5016)
PHILLIPS, GOLDMAN, & SPENCE, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
302-655-4200
jcp@pgslaw.com
mch@pgslaw.com

Of Counsel

Steven J. Lee
Maria Luisa Palmese
Merri Moken
Kenyon & Kenyon
One Broadway
New York NY 10004
212.425.7200

*Attorneys for Defendant
Teva Pharmaceuticals USA, Inc.*

## TABLE OF CONTENTS

Table of Contents ........ i

Table of Authorities ........ ii

Introduction ........ 1

Nature and Stage of the Proceedings ........ 1

Summary of the Argument ........ 2

Factual Background ........ 3

ARGUMENT ........ 4

Teva's Proposed Amended Answer is Timely ........ 4

Teva's Proposed Amended Answer is Appropriate under Rule 15(a) ........ 5

Certification That an Agreement could not be reached with Opposing Counsel ........ 7

Conclusion ........ 7

## TABLE OF AUTHORITIES

**Supreme Court Cases**

*Foman v. Davis*, 371 U.S. 178 (1962) ........ 5, 6

**Other Federal Cases**

In re *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ........ 5

*Kalman v. Beryln Corp.*, 914 F.2d 1473 (Fed. Cir. 1990) ........ 5

*Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000) ........ 5

**Statutes**

21 U.S.C. § 355(j)(2)(A)(vii)(IV) ........ 2

**Rules**

Fed. R. Civ. P. 15(a)(2) ........ 1, 5

Fed. R. Civ. P. Rule 15(a) ........ 1

Local R. Civ. Practice & P. for D. Del. 15.1 ........ 1

Local R. Civ. Practice & P. for D. Del. 7.1.1 ........ 7

**Other Sources**

3 JAMES W. MOORE, ET AL., MOORE'S FED. PRAC. § 15.14[1] (3d ed. 1999) ........ 5

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a)(2), Local Rule 15.1 and the January 24, 2011 Amended Scheduling Order entered in this case, Defendant Teva Pharmaceuticals USA, Inc. ("Teva") respectfully requests leave to amend its Answers (D.I. 9, D.I. 28 and D.I. 29) to Plaintiffs Complaints of December 2, 2009 (D.I. 1), March 11, 2010 and April 1 2010, which have been consolidated in this action, to add allegations of unenforceability based on inequitable conduct and patent misuse with respect to one of the patents in suit U.S. Patent No. 6,087,383 ("the '383 patent") as well as non-infringement of that patent. Teva timely seeks leave to file its First Amended Answer and Affirmative Defenses ("Amended Answer") pursuant to the January 24, 2011 Stipulation and Order (D.I. 69), which sets February 11, 2011 as the deadline for amending the pleadings. This amendment will not prejudice the parties in this case, and is consistent with Fed. R. Civ. P. Rule 15(a) and the interests of justice. Teva's proposed Amended Answer is attached hereto as Exhibit A. A version of the proposed Amended Answer indicating the amendments sought is attached hereto as Exhibit B.

## NATURE AND STAGE OF THE PROCEEDINGS

This action arises under the Hatch-Waxman Act. Plaintiffs, Bristol-Meyers Squib Company ("BMS"), and Novartis Corporation and Novartis Pharma, AG ("Novartis"), sued Teva for infringement of U.S. Patent Nos. 5,849,911 ("the '911 patent") and the '383 patent, which they listed in the FDA's *Approved Drug Products With Therapeutic Equivalence Evaluations* (the "Orange Book") as covering the pharmaceutical Reyataz, generically known as atazanavir sulfate. Reyataz is an HIV protease inhibitor used in combination with other medications to treat AIDS and HIV infection. BMS holds New Drug Application 21-567 (the "NDA") for Reyataz and markets that drug in the U.S.

The '911 patent covers the chemical compound atazanavir and its salts, including salts of sulfuric acid, pharmaceutical compositions containing it, and methods of using it to treat AIDS or its preliminary stages. The subject-matter of the '911 patent was developed by Novartis researchers and licensed to BMS. The '383 patent is directed to a particular sulfuric acid salt of atazanavir, the bisulfate salt and pharmaceutical dosage forms containing it. The subject matter of the '383 patent was allegedly developed by BMS researchers and that patent is owned by BMS.

Teva filed Abbreviated New Drug Application No. 91-673 (the "ANDA") with the FDA seeking permission to market a generic version of Reyataz. This lawsuit arises from Teva's filing of this ANDA, in which it was required to provide certifications relating to the both the '911 and '383, which BMS has listed in the Orange Book as covering Reyataz. (D.I. 1, ¶¶ 22-23); 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

Fact discovery has not yet been completed in this action. Pursuant to the Court's February 11, 2011 Order, fact discovery closes on March 11, 2011. Throughout fact discovery, and despite Teva's repeated requests, Plaintiffs have delayed production of documents, in many cases producing documents which they previously claimed did not exist only days before, at or after the deposition of relevant fact witnesses.

*See e.g.* Email from M. Moken to T. Allen dated February 11, 2011, Exhibit C hereto.

## SUMMARY OF THE ARGUMENT

Teva seeks leave to amend its Answers in this case to include allegations of

unenforceability and non-infringement with respect to only one of the patents in this case, the '383 patent, which is directed to the bisulfate salt of atazanavir. Teva makes these allegations after a considered and careful review of the documents and deposition testimony, as required by the Federal Rules. Furthermore, much of the information on which its allegations are based has come to light only recently, through deposition testimony and recently produced documents. Teva's request for leave to amend is timely, will in no way prejudice Plaintiffs and should be granted to ensure that justice is served.

## FACTUAL BACKGROUND

Teva seeks leave to amend its Answers in this case to include allegations of unenforceability and non-infringement with respect to only the '383 patent, which is directed to the bisulfate salt of atazanavir.

From the recent depositions of the named inventors and others substantively involved in the prosecution of the application that led to the '383 patent, as well as of Novartis researchers involved in the development of atazanavir, it has become apparent that BMS failed to disclose to the Patent Office information that would have been material to the examination of the application that led to the '383 patent. This information includes, *inter alia*,

This information and BMS's misrepresentations and failures to disclose are set forth in detail in paragraphs 52 - 132 of Teva's proposed Amended Answer. Teva could only have obtained the information necessary to plead

inequitable conduct through the recent depositions of Plaintiffs' witnesses.



## ARGUMENT

### Teva's Proposed Amended Answer is Timely

Teva's proposed Amended Answer is appropriate at this time because it is timely pursuant to the January 24, 2011 Stipulation and Order (DI 69) which amended the March 18, 2010 Joint Proposed Scheduling Order (DI 20), and provides that "[a]ll motions to amend the pleadings shall be filed on or before February 11, 2011." The parties jointly agreed to extend the deadline to amend the pleadings at least twice and Plaintiffs were made aware that it was Teva's

intention to amend its Answers to include defenses which only recently came to light through deposition testimony in the last month. Therefore, Plaintiffs cannot claim any prejudice results from Teva's proposed amendments.

**Teva's Proposed Amended Answer is Appropriate under Rule 15(a)**

Teva's proposed Amended Answer is also appropriate under current Supreme Court precedent and the Federal Rules of Civil Procedure. Under Rule. 15(a), leave to amend is to be "freely given" when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).[1] Furthermore, during the pretrial phase, a court should allow amendments to ensure that all the issues are before the court, *See* Fed. R. Civ. P. 15(a); 3 JAMES W. MOORE, ET AL., MOORE'S FED. PRAC. § 15.14[1] (3d ed. 1999). In the Third Circuit, leave to amend should only be denied where there are adequate grounds to justify such a denial, including bad faith or prejudice. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Amendment should ordinarily be permitted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman*, 371 U.S. at 182[2]

Teva seeks to amend its Answer to include defenses which recently came to light through deposition testimony and documents that Plaintiffs have only recently produced. Furthermore,

---

[1] Although this is a case involving the patent laws, which are applied according to the law of the Federal Circuit, the law applicable to granting leave to amend pleadings in this case is that of the Third Circuit. *Kalman v. Beryln Corp.*, 914 F.2d 1473, 1480 (Fed. Cir. 1990) ("In review of an order denying a motion to amend, a subject which is not unique to patent law, we look to the law of the regional circuit court.").

[2] Teva has not previously sought leave, nor is there any prejudice to Plaintiffs by virtue of the amendment as discussed in more detail below.

Plaintiffs will not be prejudiced by this amendment because the parties are still in the pretrial fact discovery phase and there are many months before the December 5, 2011 trial date. The latest Stipulation and Order amending the Joint Scheduling Order entered in this case extends the deadline for fact discovery through March 11, 2011. (DI 77). In fact, given the agreed-upon extension, Plaintiffs have today served additional discovery requests relating to these issues. Thus there is ample time to collect whatever additional discovery might be warranted.

In any case the evidence relevant to the issues of inequitable conduct and patent misuse, as applied to this case, originated from and are already within the possession of the Plaintiffs. Furthermore, Teva has provided document discovery relating to infringement and has agreed to provide additional discovery relevant to this issue. While Teva has objected to providing samples of its proposed product because Plaintiffs requests were untimely, Teva has stated that it is willing to do so as long as Plaintiffs also provide samples relating to their Reyataz product, which Teva requested during depositions.

Teva's proposed Amended Answer is also appropriate at this time because it incorporates allegations based on a careful and considered review of Plaintiffs' documents and deposition testimony, as is required with allegations of inequitable conduct. Teva could not have sought leave any sooner. Since April 30, 2010 Plaintiffs have produced more than five hundred thousand pages of documents, the most recent of which occurred on February 11, 2011, the date of this motion.[3] Furthermore, the referenced depositions were only recently taken in January and

---

[3] Teva's understanding of the issues addressed in Teva's First Amended Answer and Affirmative Defenses was further hampered by a delayed and often illegible production. [redacted]

February. Teva's proposed Amended answer incorporates allegations based largely on the newly produce documents and these depositions.

Finally, allowing Teva to amend its answer will ensure that all issues raised by Plaintiffs' claims for patent infringement are efficiently litigated in this case and that the interests of justice are served.

**Certification That an Agreement could not be reached with Opposing Counsel**

Pursuant to Local Rule 7.1.1, Teva's counsel certifies that Teva attempted to reach an agreement with Plaintiffs on this motion. Plaintiffs however oppose the motion.

## CONCLUSION

For the foregoing reasons, Teva respectfully requests that the Court grant Teva's Motion for Leave to File its First Amended Answer and Affirmative Defenses.

Respectfully submitted,
PHILLIPS, GOLDMAN, & SPENCE, P.A.

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (Bar No. 110)
Megan Haney (Bar No. 5016)
1200 North Broom Street
Wilmington, Delaware 19806
302-655-4200
jcp@pgslaw.com
mch@pgslaw.com

Of Counsel

Steven J. Lee
Maria Luisa Palmese
Merri Moken
Kenyon & Kenyon
One Broadway
New York NY 10004
212.425.7200

Date: February 11, 2011

